*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-313

JULY TERM, 2011

| | | |
|---|---|---|
| Lisa Force | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Windham Unit, |
| | } | Family Division |
| | } | |
| Erik Schmitt | } | DOCKET NO. 113-6-10 Wmfa |

Trial Judge: Katherine A. Hayes

In the above-entitled cause, the Clerk will enter:

Defendant appeals pro se from a final relief-from-abuse order. Defendant essentially contends: (1) the evidence failed to support the findings; (2) the findings were inadequate; and (3) the court improperly denied him the opportunity to present evidence. We affirm.

The record discloses that the trial court issued a final relief-from-abuse order in this matter on July 7, 2010, with an expiration date of January 7, 2011. The record further discloses that plaintiff filed a motion to extend the order on November 30, 2010, and that the court held a hearing on the motion in early December and issued an order denying the motion on December 11, 2010. Since the order appealed from has expired, the appeal is clearly moot and must be dismissed. See In re P.S., 167 Vt. 63, 67 (1997) (observing that case becomes moot when issues presented for review "are no longer 'live' or the parties lack a legally cognizable interest in the outcome"). Although we have recognized an exception to the mootness doctrine where "negative collateral consequences" flow from the order on review, id., the exception is limited to situations where there is a "sufficient prospect that the decision will have an impact on the parties," All Cycle, Inc. v. Chittenden Solid Waste Dist., 164 Vt. 428, 432 (1995); it is not available where there is a "mere possibility of negative collateral consequences." In re Collette, 2008 VT 136, ¶ 17, 185 Vt. 210. Here, defendant has neither alleged nor shown the likelihood of negative collateral consequences, and we thus find no basis to avoid a dismissal of the appeal as moot.

Even if we were to consider the appeal, however, we would be compelled to affirm on the ground that defendant failed to order a transcript of the evidentiary hearing, rendering it impossible to review the claims. See State v. Gadreault, 171 Vt. 534, 538 (2000) (mem.) (holding that appellant's failure to order transcript precludes review of claims on appeal). As we have explained, "[i]t is the burden of the party challenging a ruling to furnish the reviewing court a transcript of the proceeding involved." In re S.B.L., 150 Vt. 294, 307 (1988) (quotation omitted); see also V.R.A.P. 10(b)(2) (party urging on appeal that finding or conclusion is unsupported by evidence must "include in the record a transcript of all evidence relevant to such finding or conclusion"). Having failed to provide the necessary record for review on appeal,

defendant must "bear the consequence." In re S.B.L., 150 Vt. at 307. We discern no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice